## STATE v. WILLIE JAY GUTHRIE.

(Filed 22 March, 1967.)

APPEAL by defendant Willie Jay Guthrie from *Froneberger, J.,* December 5, 1966 Schedule "A" Criminal Session of MECKLENBURG.

Willie Jay Guthrie and William Ross Higgins, indicted jointly for the armed robbery of Betty Lil Griffith, a violation of G.S. 14-87, were tried for common law robbery.

Evidence was offered by the State and by defendant Guthrie.

The State's evidence, in brief summary, tended to show the facts narrated below.

On October 26, 1966, about 4:00 p.m., Mrs. Griffith, an employee

of Gulf Life Insurance Company, was walking in a westerly direction along the sidewalk on East Morehead Street in Charlotte, North Carolina. She was taking her employer's deposit, consisting of cash and checks she had in her pocketbook, to the Wachovia Bank and Trust Company, located about two blocks west of her employer's office and on the same side of Morehead Street. In front of the Office Supply Building, which is separated from the bank building by an alley, Guthrie and Higgins grabbed her and attempted to jerk the pocketbook from her arms. When Mrs. Griffith clutched her pocketbook and struggled with them, they threw her down into Morehead Street. There Guthrie "finally" got her pocketbook and ran across the street.

In crossing Morehead Street, Guthrie passed in front of a westbound motorist, William F. Ammons, who had observed the boys "snatching a purse from a girl who was lying prostrate." Ammons switched the ignition off, jumped from his car, pursued Guthrie and, after chasing him "for approximately four to six blocks over a rather circuitous route," came upon him and detained him until the police arrived.

Ammons did not identify defendant Higgins as a participant in the robbery and Mrs. Griffith's identification of Higgins was somewhat equivocal.

As to Higgins, the verdict was "not guilty." As to Guthrie, the jury returned a verdict of "Guilty of Common Law Robbery"; and judgment, imposing a prison sentence was pronounced. Guthrie excepted and appealed.

*Attorney General Bruton and Staff Attorney Brown for the State.*
*E. Glenn Scott, Jr., for defendant appellant.*

PER CURIAM. Appellant assigns as error (1) the denial of his motion in arrest of judgment; (2) the denial of his motion to set the verdict aside; and (3) the denial of his motion for a new trial. Obviously, the assignments of error are without merit.

The bill of indictment properly charges the felony of which defendant was convicted and there was plenary evidence to support the verdict. Appellant's counsel frankly states he "is unable to ascertain any prejudicial errors of law" in the trial and none appears in the record before us. Hence, the verdict and judgment will not be disturbed.

No error.